UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
YNGWIE MALMSTEEN                     :   Case No.
                                     :
            Plaintiff,               :
                                     :
    vs.                              :
                                     :
                                     :
CLEOPATRA RECORDS, INC., BHP         :
MUSIC, LTD., and RON KEEL            :
                                     :
            Defendants.              :
------------------------------------ X



Plaintiff Yngwie Malmsteen (sometimes hereinafter referred to as "Malmsteen" or "Plaintiff") by and through his attorneys, McCue Sussmane & Zapfel, P.C., as and for his Complaint against Defendants, allege upon information and belief as follows:

## JURISDICTION, VENUE AND THE PARTIES

1. This Court has jurisdiction under 28 U.S.C. §1331 and §1338(a) in that a controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. §101 et. seq.), which is within the exclusive jurisdiction of the federal courts pursuant to 28 U.S.C. §1367.

2. This Court also has jurisdiction under 28 U.S.C. §1332 in that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a) and 1400(a) because a

substantial part of the events or omissions giving rise to the claims occurred in this district.

4. Plaintiff is a permanent resident of the United States, who resides in Miami, Florida, and who is a world-renowned professional musician involved in the writing, production and performance of musical works.

5. Upon information and belief, Defendant Cleopatra Records, Inc. ("Cleopatra") is a California company whose principal place of business is California. Cleopatra is engaged in the business of production, manufacture and distribution of musical recordings.

6. Upon information and belief, Defendant BHP Music, Inc. ("BHP") is a New York company whose principal place of business is in New York. BHP is engaged in the business of production, manufacture and distribution of musical recordings.

7. Upon information and belief Defendant Ron Keel ("Keel") is a United States Citizen who resides in Las Vegas, Nevada whose principal address is in Nevada. Keel is a professional musician involved in the writing, production and performance of musical works.

## GENERAL ALLEGATIONS

8. Plaintiff is an internationally known composer, and recording artist who exploded on the music scene at the age of 20 and over his nearly 25 year career has released over 30 albums which are sold worldwide. Plaintiff's technical guitar mastery is clearly recognized as Plaintiff is regarded as one of

the greatest guitarists of all time and in 2008 he was inducted into the Guitar Center Rock Walk Hall of Fame.

9. Plaintiff's recordings and live performances are sought throughout the world, and Plaintiff is routinely featured in articles and on the covers of industry leading magazines such as *Guitar World, Guitar Legends,* and Music Connections.

10. Plaintiff's name, image, likeness and performance are sought for licensing and endorsement for a wide variety of products including on signature licensed products for top musical equipment manufacturers.

11. In 1983, Plaintiff was a member of a band named Steeler, which included Defendant Keel, and released an album featuring Plaintiff and Keel's performances titled *"Steeler"* which was published and distributed in strict conformity with the provisions of the Copyright laws of the United States by Shrapnel Records (the "Original Steeler Album"). The Original Steeler Album contained 9 original works created by Plaintiff, Keel and other band members, including *"Hot on Your Heels"* which includes a three and one half minute guitar introduction written and played by Plaintiff.

12. The Original Steeler Album contains original musical compositions which Plaintiff co-wrote and is copyrightable subject matter under the laws of the United States. The Original Steeler Album was duly registered on October 15, 1987 with the United States Copyright Office as evidenced by U.S. Copyright Registration number PA0000348469.

13. Shortly after the release of the Original Steeler Album, Plaintiff left the band, and the band never released another original studio album.

14. Plaintiff attained significant commercial and critical success after his departure from Steeler, while Defendant Keel and the other members of the band attained only moderate commercial success.

15. On or about 2006, Defendant Keel requested Plaintiff's consent to re-release the Original Steeler Album, to which Plaintiff refused to consent and instructed Keel not to proceed with the re-release.

16. Despite failing to obtain Plaintiff's consent, on or about 2006, Defendant Keel and Cleopatra released an album titled "*Metal Generation - The Steeler Anthology*" ("New Steeler Album") featuring works from the Original Steeler Album, unreleased studio tracks, bootleg live versions, and photos which contain Plaintiff's image, likeness, and performances, including the never before released live guitar solo by Plaintiff titled "*Yngwie is God*".

17. On or about August 24, 2006, Defendant unlawfully entered into an agreement ("Unauthorized Steeler License Agreement") purporting to grant to Defendant Cleopatra the non-exclusive right to exploit the New Steeler Album and with the right to use the name, likeness and biography of Plaintiff for advertising and commercial purposes.

18. Defendants Cleopatra and Keel utilized Plaintiff's name, image, likeness and performance for commercial and

4

advertising purposes in connection with the New Steeler Album, including in the packaging and on the cover of the New Steeler Album without authorization from Plaintiff.

19. In the Unauthorized Steeler License Agreement, Keel knowingly made false representations of material fact, regarding his ability to grant certain rights related to Plaintiff.

20. Neither Keel nor Cleopatra compensated Plaintiff for the use of Plaintiff's performance or the use of the underlining musical compensations or sound recordings which are co-owned by Plaintiff.

21. Defendant Keel, as a joint copyright holder, failed to account to Plaintiff for profits from the exploitation and use of the underlining musical compositions in the New Steeler Album and for certain live and studio sound recordings in violation of Plaintiff's copyright rights.

22. From on or about May 2009 to the present, Plaintiff made multiple demands on Defendant Cleopatra to cease and desist from the unauthorized use of the New Steeler Album.

23. Despite knowledge of Plaintiff's demands, Defendants have knowingly and purposefully refused to take any steps to cease the utilization of the New Steeler Album.

24. Defendants have each infringed upon Plaintiff's copyrights.

25. On or about 2005, Plaintiff recorded covers of several existing works, including the songs "Light up the Sky", "Mr. Crowley", "Magical Mystery Tour", and "Dream On" (the "Cover

Songs"). The Cover Songs prominently feature Plaintiff's recorded musical performances.

26. Defendant Cleopatra by itself and through its affiliates has and continues to release and make available for commercial sales in stores and through the internet throughout the United States, at least ten different albums containing the Cover Songs (the "Cleopatra Cover Albums").

27. Defendant Cleopatra, by itself and through its affiliates, has and continues to utilize Plaintiff's name, image and likeness in connection with the packaging of the Cleopatra Cover Albums and in the promotion and advertisement thereof, including on its website www.cleorecs.com.

28. Such use of Plaintiff's name, image, likeness and performance on and in connection with the Cleopatra Cover Albums is unauthorized.

29. Since on or about May 2009, Plaintiff notified Defendant Cleopatra of the unauthorized use of Plaintiff's name, image, and performance and demanded that such usage be discontinued.

30. Upon information and belief, as late as May 2009, Defendant Cleopatra released at least two new Cleopatra Cover Albums containing the Cover Songs, and as of the date hereof continues to exploit and make available for sale over ten Cleopatra Cover Albums and utilizes Plaintiff's name and image in connection with the advertising and promotion thereof.

31. On or about September 2008, Defendant Cleopatra without Plaintiff's knowledge or consent entered into an

6

agreement (the "Guitar Masters Agreement") which licensed to Defendant BHP the right to utilize Plaintiff's performance on one of the Cover Songs along with Plaintiff's name, likeness, and biography in connection with the manufacture, advertisement and sale of an album titled "Guitar Masters II" (the "Guitar Masters Album").

32. Additionally, without Plaintiff's knowledge or consent, Defendant Cleopatra provided to Defendant BHP for use in connection with the Guitar Masters Albums a photographic image of Plaintiff in which the copyright is owned by Plaintiff ("Plaintiff Photograph").

33. On or about April 14, 2009, Defendant BHP released the Guitar Masters Albums which is available for commercial sales in stores and through the internet throughout the United States.

34. The Guitar Masters Album contains Plaintiff's performance on one of the Cover Songs, as well as Plaintiff's name, image, and likeness in the packaging and advertisement and promotion thereof.  Defendant BHP prominently displays the Plaintiff Photograph and Plaintiff's name on the cover of the Guitar Masters Album.

35. Such use of Plaintiff's performance, name, image, likeness, as well as the Plaintiff Photograph on and in connection with the Guitar Masters Album is unauthorized.

36. Since on or about May 2009, Plaintiff notified Defendant BHP of the unauthorized use and that such usage is to be discontinued.

37. Defendant BHP has ignored Plaintiff's demand and continues to exploit the Guitar Masters Album.

### FIRST CLAIM FOR RELIEF
### Against Defendants Keel, Cleopatra and BHP

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39. Defendants used Plaintiff's name, image, likeness and performance in commerce throughout the United States in connection with the sale, packaging, advertising and promotion of musical albums without the written consent of Plaintiff solely for Defendants benefit.

40. The sale and use of Plaintiff's name, image and likeness in connection with the Albums by Defendants has damaged and will continue to damage Plaintiff's career.  There was no benefit to the Plaintiff.

41. Use of Plaintiff's performances, and his name, image, and likeness have and will continue to cause irreparable harm to Plaintiff.

42. Plaintiff has no adequate remedy at law.

43. Plaintiff is entitled to a permanent injunction (a) restraining and enjoining Defendants their agents, servants, employees and attorneys, and all other persons in active concert or participation with Defendants, from distributing, exhibiting, licensing, publishing or selling the New Steeler Album, the Cleopatra Covers, and the Guitar Masters Album (sometimes herein collectively referred to as the "Albums") or otherwise using the

photograph, image, name or performance of Plaintiff for any purposes; and (b) ordering Defendants to deliver to Plaintiff all originals and copies of the Albums and materials utilized in connection thereof, which contain Plaintiff's name, image, likeness or performance.

## SECOND CLAIM FOR RELIEF
### Against Defendants Keel, Cleopatra and BHP

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 hereof as if fully set forth herein.

45. Defendants used Plaintiff's name, image, likeness and performance in commerce throughout the United States in connection with the sale, packaging, advertising and promotion of musical albums without the written consent of Plaintiff solely for Defendants benefit.

46. The sale and use of Plaintiff's name, image and likeness in connection with the Albums by Defendants has damaged and will continue to damage Plaintiff's career. There was no benefit to the Plaintiff.

47. By reason of the foregoing actions of Defendants Keel and Cleopatra, Plaintiff has been caused to sustain mental strain and distress, damage to his reputation, social standing, professional standing, good name, inviolate personality, individual sentiments and feelings and invasion of his right to privacy, and publicity and has sustained special damages in an amount to be determined at trial, but not less one million dollars ($1,000,000), plus exemplary damages in an amount

sufficient to deter future misconduct by Defendants and attorneys fees.

### THIRD CLAIM FOR RELIEF
### Against Defendants Keel, Cleopatra and BHP

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 hereof as if fully set forth herein.

49. Defendants utilized and exploited Plaintiff's name, image, likeness and performance without his consent on or in connection with the Albums for their own profit.

50. Defendants have been unjustly enriched because Plaintiff never consented to such uses.

51. Plaintiff has suffered a loss as a result of said unjust enrichment and is entitled to damages in the amount of One Million Dollars ($1,000,000) plus interest and attorneys fees.

### FOURTH CLAIM FOR RELIEF
### Against Defendant Keel

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 hereof as if fully set forth herein.

53. The New Steeler Album features works in which the copyright is co-owned by Plaintiff; namely sound recordings containing certain live and unreleased studio tracks of Plaintiff's performance, and original musical compositions in songs originally included on the Albums.

54. As a joint copyright holder Defendant Keel has a duty under 17 U.S.C. §201 to account to the other joint copyright holders for any profits in the jointly owned works.

55. Defendant Keel has intentionally and willfully failed to account to his joint copyright holders, including Plaintiff.

56. Plaintiff has incurred actual damages in an amount to be proven at trial, plus exemplary damages to deter such future misconduct, plus attorneys' fees and interest.

### FIFTH CLAIM FOR RELIEF
### Against Defendants Cleopatra and BHP

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 hereof as if fully set forth herein.

58. Plaintiff's copyright in the Plaintiff Photograph subsists in accordance with 17 U.S.C. §102 because it is an original work of authorship fixed in a tangible medium of expression.

59. The Plaintiff Photograph can be classified as a pictorial/graphic work under 17 U.S.C. §102.

60. Plaintiff has exclusive rights of reproduction and distribution as the copyright owner of the Plaintiff Photograph pursuant to 17 U.S.C. §106.

61. Defendants Cleopatra and BHP have no right or permission from Plaintiff to distribute or reproduce the Plaintiff Photograph, and their exploitation and distribution of the Plaintiff Photograph in connection with the Guitar Masters

Album constitutes infringement of Plaintiff's copyright pursuant to 17 U.S.C §§501 and 411.

62. Plaintiff has incurred actual damages in an amount to be proven at trial, or in the alternative is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

**WHEREFORE**, Plaintiffs demand judgment as follows:

A. On the first claim for relief against Defendants, a permanent injunction (a) restraining and enjoining Defendants their agents, servants, employees and attorneys, and all other persons in active concert or participation with Defendants, from distributing, exhibiting, licensing, publishing or selling the New Steeler Album, the Cleopatra Covers, and the Guitar Masters Album (sometimes herein collectively referred to as the "Albums") or otherwise using the photograph, image, name or performance of Plaintiff for any purposes; and (b) ordering Defendants to deliver to Plaintiff all originals and copies of the Albums and materials utilized in connection thereof, which contain Plaintiff's name, image, likeness or performance.

B. On the second claim for relief against Defendants an amount to be determined by trial, but not less than one million dollars ($1,000,000), plus exemplary damages in an amount sufficient to deter future misconduct by Defendants and attorneys fees.

C. On the third claim for relief against Defendants, an amount to be determined at trial, but in no event less than one million dollars ($1,000,000) plus interest and attorneys fees.

D. On the fourth claim for relief against Defendant Keel, damages in an amount to be proven at trial, but in no event less than one million dollars ($1,000,000), plus exemplary damages to deter future misconduct, plus attorneys' fees and interest.

E. On the fifth claim for relief against Defendants Cleopatra and BHP, damages in an amount to be proven at trial, but in no event less than one million dollars ($1,000,000) plus exemplary damages to deter future misconduct, plus attorneys' fees and interest.

F. Such other relief as this Court deems just and proper.

By: _____
Craig M. Spierer (CS 6402)
McCue Sussmane & Zapfel, P.C.
Attorneys for Plaintiff
521 Fifth Avenue, 28th Floor
New York, New York 10175
Telephone: (212) 931-5500
cspierer@mszpc.com

Defendants' Addresses:

Cleopatra Records, Inc.
11661 San Vincente Blvd., Suite 609
Los Angeles, CA 90049

BHP Music Ltd.
Gracie Station
PO Box 409
New York, New York 10028

Ron Keel
645 Pacific Cascades Drive
Henderson, NV 89012