UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YNGWIE MALMSTEEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEOPATRA RECORDS, INC., and BHP MUSIC, LTD.,<br><br>    Defendants.<br><br>CLEOPATRA RECORDS, INC.,<br><br>    Third-party Plaintiff,<br><br>    v.<br><br>RON KEEL,<br><br>    Third-party Defendant. | Case No. 09 CV 9056 (PG)<br>ECF Case<br><br>THIRD-PARTY COMPLAINT OF DEFENDANT CLEOPATRA RECORDS, INC.;<br><br>DEMAND FOR JURY TRIAL<br><br>(Filed concurrently with Defendants' Answer to Plaintiff's Third Amended Complaint) |



Defendant and third party plaintiff Cleopatra Records, Inc. ("Cleopatra") alleges:

## JURISDICTION, VENUE AND THE PARTIES

1. This court has subject matter jurisdiction over third-party claims pursuant to 28 U.S.C. § 1367 in that if the court determines that it can exercise original subject matter jurisdiction over the claims of plaintiff Yngwie Malmsteen ("Malmsteen"), the third-party complaint against third-party defendant Ron Keel ("Keel") is so related to the claims in the main action that it forms part of the same case or controversy under Article III of the United States Constitution.

2. This court has personal jurisdiction over Keel by virtue of his transacting business in this district.

3. Defendant and third-party plaintiff Cleopatra is a corporation organized and existing under the laws of the state of California, with its principal place of

1

business in Los Angeles, California.

4. Third-party defendant Keel is an individual. On information and belief, Cleopatra alleges that Keel is a resident of the State of Nevada. Keel was a member of the musical group known as "Steeler" which was popular in the 1980s, as was Malmsteen.

## GENERAL ALLEGATIONS

5. On or about August 24, 2005, seal and Cleopatra entered into a written agreement (the "Keel License Agreement") for the licensing of sound recordings comprising the musical group Steeler's self-titled album as well as previously unreleased sound recordings by that group. Keel was the licensor and Cleopatra the licensee. Pursuant to the Keel License Agreement, Cleopatra released the collection of sound recordings to which Malmsteen refers to as the "New Steeler Album."

6. Among the terms of the Keel License Agreement, paragraph 2 states "Licensor warrants and represents that it is the agent for the owner of the masters herein granted." Paragraph 10 of the Keel License Agreement states in pertinent part:

> The rights herein granted by Licensor to Licensee are the following:
> (a) the rights to manufacture, sell, publicly perform, and advertised in the licensed territory commercial sound recordings reproduced from the master recordings as above provided;
> (B) the right to use in the licensed territory the names, likenesses and biographies of the artists whose performances are embodied in the said master recordings in connection with the advertising, publicizing or sale of phonograph records manufactured therefrom.

Paragraph 16 of the Keel License Agreement goes on to say: "Licensor agrees to indemnify and hold harmless licensee from any loss or liability arising out of

Licensor's breach of any of its representations or warranties hereunder." Paragraph 21 of the Keel License Agreement contains an attorney fee provision.

## FIRST CLAIM FOR RELIEF
### Against Defendants Keel
### For Breach of Warranty and Indemnity

7. Cleopatra realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth.

8. Cleopatra denies that it is liable or any of the alleged events or occurrences or damages described in Malmsteen's third amended complaint or any subsequent amendment thereof.

9. If Cleopatra is held liable for the injuries and damages alleged by Malmsteen's third amended complaint or any subsequent amendment thereof, then Cleopatra is informed and believes that all of the alleged injuries and damages complained of were caused directly, primarily, actively, and proximately by Keel by virtue of his breach of the representations and warranties contained in the Keel License Agreement.

10. By reason of the foregoing, if Malmsteen is entitled to recover against Cleopatra on the basis of any of his allegations, then the responsibility of Keel, if any, is vicarious, passive and secondary nature and Cleopatra is entitled to judgment over and against Keel to the extent of recovery by Malmsteen, in that the actions or omissions by Keel were the active in primary breach that caused the damages asserted by Malmsteen.

## DEMAND FOR JURY TRIAL

Defendant and third-party plaintiff Cleopatra demands a trial by jury on all claims which are triable to a jury in this action.

WHEREFORE, Cleopatra prays for judgment as follows:

1. For judgment over and against Keel for sums (including, but not limited to, damages, costs, and attorney fees) which may be adjudged against Cleopatra in favor of plaintiff Malmsteen by reason of the allegations in his third amended complaint and any subsequent amendment thereof;

2. For costs of suit;

3. For attorney fees and disbursements incurred; and

4. For such other and further relief as the court may deem just and proper.

Dated:    April 28, 2011

*/s/ Martin Keleti*

S. MARTIN KELETI
COHEN AND COHEN
8340 Melrose Avenue
Los Angeles, California 90069-5420
Telephone:   (323) 655-4444
Facsimile:    (323) 655-3333
E-mail:  keleti@manifesto.com

STEVEN I. HILSENRATH (SH5604)
1803 Gravesend Neck Road
Brooklyn, New York 10010
Telephone:   (718) 615-4550
Facsimile:    (718) 615-4557
E-mail:  steven@hilsenrathlaw.com

Attorneys for defendants
CLEOPATRA RECORDS, INC. and
BHP MUSIC, LTD.

To:
CRAIG M. SPIERER, ESQ.
MCCUE SUSSMANE & ZAPFEL, P.C.
521 Fifth Avenue, 28th Floor
New York, New York 10175
Telephone: (212) 931-5500
Facsimile:  (212) 931-5508
E-mail:     cspierer@mszpc.com

Attorneys for plaintiff YNGWIE MALMSTEEN