UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YNGWIE MALMSTEEN,<br><br>    Plaintiff,<br><br>       v.<br><br>CLEOPATRA RECORDS, INC., and<br>BHP MUSIC, LTD.,<br><br>    Defendants. | Case No. 09 CV 9056 (PG)<br>ECF Case<br><br>ANSWER OF DEFENDANTS<br>CLEOPATRA RECORDS, INC.<br>AND BHP MUSIC, LTD. TO<br>PLAINTIFF YNGWIE<br>MALMSTEEN'S THIRD<br>AMENDED COMPLAINT ;<br><br>DEMAND FOR JURY TRIAL |

Defendants Cleopatra Records, Inc. ("Cleopatra") and BHP Music, Ltd. ("BHP") for themselves alone (collectively, "Defendants") hereby answer the Third Amended Complaint of plaintiff Yngwie Malmsteen ("Plaintiff") on file in this action as follows:

## JURISDICTION, VENUE AND THE PARTIES

1.    Defendants admit the allegations of Paragraph 1.

2.    As to the allegations of Paragraph 2, Defendants admit that defendant BHP can be found in the Southern District of New York, although defendant Cleopatra cannot; Defendants deny that a substantial part of the events or omissions giving rise to the claims occurred in this district.

3.    As to the allegations of Paragraph 3, Defendants admit that the citizenship of the parties is completely diverse, but deny that the amount in controversy exceeds $75,000, exclusive of costs and interest.

4.    As to the allegations of Paragraph 4, Defendants deny that a substantial part of the events or omissions giving rise to the claims occurred in this district.

5.    Defendants admit the allegations of Paragraph 5.

6.    Defendants admit the allegations of Paragraph 6.

7.    Defendants admit the allegations of Paragraph 7.

## GENERAL ALLEGATIONS

8.    As to Paragraph 8, Defendants either deny the allegations outright, or are without knowledge or information sufficient to form a belief as to the truth of them, and on these bases deny each and every one of them.

9.    As to Paragraph 9, Defendants either deny the allegations outright, or are without knowledge or information sufficient to form a belief as to the truth of them, and on these bases deny each and every one of them.

10.    As to Paragraph 10, Defendants either deny the allegations outright, or are without knowledge or information sufficient to form a belief as to the truth of them, and on these bases deny each and every one of them.

11.    Defendants admit the allegations of Paragraph 11.

12.    Defendants admit the allegations of Paragraph 12.

13.    Defendants admit the allegations of Paragraph 13.

14.    Defendants admit the allegations of Paragraph 14.

15.    As to Paragraph 15, Defendants either deny the allegations outright, or are without knowledge or information sufficient to form a belief as to the truth of them, and on these bases deny each and every one of them.

16.    As to Paragraph 16, Defendants deny that they required Plaintiff's consent in connection with the New Steeler Album, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses.

17.    Defendants admit the allegations of Paragraph 11, although they object to the characterization of the alleged agreement as an "Unauthorized" Steeler License Agreement since Keel's authorization was sufficient.

18.    As to paragraph 18, Defendants deny that they required Plaintiff's consent in connection with the New Steeler Album, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses.

19.    As to Paragraph 19, Defendants admit that Plaintiff made multiple

demands on Cleopatra to cease-and-desist from the use of the New Steeler Album, but deny that such use was unauthorized, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses.

20.    As to Paragraph 20, Defendants admit that Defendants have refused to take any steps to cease utilization of the New Steeler Album, but deny that such use was unauthorized, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses.

21.    Defendants deny the allegations of Paragraph 21.

22.    As to Paragraph 22, Defendants admit the allegations of Paragraph 22, except for the allegation regarding when they occurred, about which Defendants are without knowledge or information sufficient to form a belief as to the truth of it, and on this basis deny it. Defendants further allege, however, that Plaintiff granted permission to one or more third parties to record Plaintiff's musical performances of the Cover Songs, from whom Cleopatra obtained permission to exploit the recordings of the Cover Songs, including Plaintiff's name.

23.    Defendants admit the allegations of Paragraph 23.

24.    As to Paragraph 24, Defendants admit the allegations of Paragraph 24, but only as they relate to Plaintiff's name; as to Plaintiff's image and likeness, Defendants deny the allegations.

25.    Defendants deny the allegations of Paragraph 25, in particular they deny the use of Plaintiff's image and likeness in connection with the Cleopatra Cover Albums, and with respect to Plaintiff's name and performance, Defendants' use was authorized.

26.    As to Paragraph 26, Defendants admit that since on or about May 2009, Plaintiff demanded that Cleopatra discontinue use of Plaintiff's name, image, and performance, but deny that such use of Plaintiff's name and performance was unauthorized, and deny use of Plaintiff's image.

3

27.    Defendants admit the allegations of Paragraph 27, except that defendants deny use of Plaintiff's image.

28.    Defendants admit the allegations of Paragraph 28, except that Defendants deny that such usage was unauthorized.

29.    As to Paragraph 29, Defendants deny that Cleopatra provided to BHP the Plaintiff Photograph, with or without Plaintiff's knowledge or consent. In connection with the Guitar Masters Album, BHP did not use the Plaintiff Photograph, but rather an oil painting which included Plaintiff's likeness, among that of other recording artists featured in the Guitar Masters Albums; a copy of that image is attached as Exhibit A and incorporated by reference.

30.    As to Paragraph 30, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis deny each and every one of them.

31.    Defendants admit the allegations of Paragraph 31.

32.    As to Paragraph 32, Defendants admit the allegations except that they deny that BHP displays in any manner the Plaintiff Photograph

33.    Defendants deny the allegations of Paragraph 33, in that Cleopatra authorized BHP, and Cleopatra obtained authorization to use plaintiff's performance, name, image and likeness, and Defendants deny using the Plaintiff Photograph in any way in the Guitar Masters Album.

34.    As to Paragraph 34, Defendants admit that since on or about May 2009, Plaintiff demanded that BHP discontinue use of Plaintiff's name, image, and performance, but deny that such usage was unauthorized, and further deny any use at all of the Plaintiff Photograph.

35.    Defendants deny the allegations of Paragraph 35; BHP re-released the Guitar Masters Album without any sound recordings embodying Plaintiff's voice or performance, and omitting Plaintiff's name and likeness.

4

## FIRST CLAIM FOR RELIEF

### Against Defendants Cleopatra and BHP

### Injunction for Violation of State Statutes

36.     Defendants incorporate the admissions and denials of all the preceding paragraphs.

37.     Defendants admit the allegations of Paragraph 37, except that they deny using the Plaintiff Photograph.

38.     Defendants deny the allegations of Paragraph 38, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums or in any other manner.

39.     Defendants deny the allegations of Paragraph 39, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums.

40.     Defendants admit the allegations of Paragraph 40, except that. Defendants deny use of the Plaintiff Photograph or any other photograph of Plaintiff.

41.     As to paragraph 41, Defendants deny all allegations except those in the last sentence, as to which Defendants are without knowledge or information sufficient to form a belief as to the truth of them, and on these bases deny each and every one of them.

42.     Defendants deny the allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44, particularly since

defendants deny that Plaintiff is entitled to any remedy, at law or in equity.

45.    Defendants deny the allegations of Paragraph 44, particularly since defendants deny that Plaintiff is entitled to any remedy, at law or in equity.

## SECOND CLAIM FOR RELIEF
### Against Defendants Cleopatra and BHP
### Damages for Violation of State Statutes

46.    Defendants incorporate the admissions and denials of all the preceding paragraphs.

47.    Defendants admit the allegations of Paragraph 47, except that they deny using the Plaintiff Photograph or any other photograph of Plaintiff.

48.    Defendants deny the allegations of Paragraph 48, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums or in any other manner.

49.    Defendants deny the allegations of Paragraph 49, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums.

50.    Defendants admit the allegations of Paragraph 50, except that. Defendants deny use of the Plaintiff Photograph or any other photograph of Plaintiff.

51.    As to paragraph 51, Defendants deny all allegations except those in the last sentence, as to which Defendants are without knowledge or information sufficient to form a belief as to the truth of them, and on these bases deny each and

every one of them, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums or in any other manner..

52.    Defendants deny the allegations of Paragraph 52.

53.    Defendants deny the allegations of Paragraph 53.

## THIRD CLAIM FOR RELIEF

### Against Defendants Cleopatra and BHP

### Common Law Right of Publicity and Right of Privacy

54.    Defendants incorporate the admissions and denials of all the preceding paragraphs.

55.    Defendants admit the allegations of Paragraph 55, except that they deny using the Plaintiff Photograph or any other photograph of Plaintiff.

56.    Defendants deny the allegations of Paragraph 56, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums or in any other manner.

57.    Defendants deny the allegations of Paragraph 57, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums or in any other manner.

58.    Defendants deny the allegations of Paragraph 58, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with

respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums or in any other manner.

59.     As to paragraph 59, Defendants deny all allegations except those in the last sentence, as to which Defendants are without knowledge or information sufficient to form a belief as to the truth of them, and on these bases deny each and every one of them, in that Keel as a joint author and a partner of Plaintiff was entitled to grant nonexclusive licenses with respect to the New Steeler Album, that Cleopatra obtained licenses with respect to the Cover Albums, and that Defendants did not use the Plaintiff Photograph or any other photograph of Plaintiff with any of the Albums or in any other manner.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61, and in particular deny that plaintiff is entitled to damages in any amount, or any interest or any attorney fees.

## FOURTH CLAIM FOR RELIEF

### Against Defendants Cleopatra and BHP

### Unjust Enrichment

62.     Defendants incorporate the admissions and denials of all the preceding paragraphs.

63.     As to Paragraph 63, Defendants admit that they utilized and exploited Plaintiff's name, image, likeness and performance on or in connection with the Albums for their own profit, but deny that they required Plaintiff's consent beyond that which he had already given for the recording of the Cover Songs and the nonexclusive licence that Keel as a joint author and a partner of Plaintiff granted with respect to the New Steeler Album.

8

64.    As to Paragraph 64, Defendants deny that they have been unjustly enriched, because they deny that they required Plaintiff's consent beyond that which he had already given for the recording of the Cover Songs and the nonexclusive licence that Keel as a joint author and a partner of Plaintiff granted with respect to the New Steeler Album.

65.    Defendants deny the allegations of Paragraph 65, and in particular deny that Plaintiff is entitled to damages in any amount, or any interest or any attorney fees.

**FIFTH CLAIM FOR RELIEF**

**Against Defendants Cleopatra and BHP**

**Copyright Infringement**

66.    Defendants incorporate the admissions and denials of all the preceding paragraphs.

67.    As to Paragraph 67, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis deny each and every one of them.

68.    As to Paragraph 68, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis deny each and every one of them.

69.    As to Paragraph 69, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis deny each and every one of them.

70.    As to Paragraph 70, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis deny each and every one of them.

71.    As to Paragraph 71, Defendants admit that Cleopatra and BHP have

no permission from Plaintiff to distribute or reproduce the Plaintiff Photograph, however Defendants deny exploiting or distributing the Plaintiff Photograph in any way, so they deny any infringement of Plaintiff's copyright, if any exists.

72.     Defendants deny the allegations of Paragraph 72, and in particular deny that Plaintiff is entitled to actual damages in any amount.

Defendants allege the following affirmative defenses, as to one or more (as many as all) of the claims for relief alleged in Plaintiff's Third Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (No Claim Stated)

1.     Plaintiff's Third Amended Complaint fails to allege facts sufficient to state a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

2.     Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3.     Plaintiff's claims are barred by Plaintiff's waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4.     Plaintiffs' claims are barred by Plaintiff's estoppel.

10

## FIFTH AFFIRMATIVE DEFENSE
(Lack of Damages)

5.  Plaintiff's damages are *de minimis* or nonexistent.

## SIXTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

6.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE
(Nominative Fair Use)

7.  Defendants' use of Plaintiff's name and likeness constitute nominative fair use.

## EIGHTH AFFIRMATIVE DEFENSE
(Preemption)

8.  One or more of Plaintiff's claims is barred by the doctrine of preemption.

## NINTH AFFIRMATIVE DEFENSE
(Consent)

9.  One or more of Plaintiff's claims is barred by consent given by Plaintiff to Defendants' licensor.

## TENTH AFFIRMATIVE DEFENSE
### (License)

10.    One or more of Plaintiff's claims is barred by license by Plaintiff's joint author and partner.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

11.    This court is an improper venue.

## TWELFTH AFFIRMATIVE DEFENSE
### (Forum Non Conveniens)

12.    To the extent its jurisdiction is proper , the court should not exercise its jurisdiction as it is an inconvenience forum for Cleopatra .

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

13.    the court lacks personal jurisdiction over Cleopatra .

WHEREFORE, Defendants pray for judgment as follows:

1.    That the court dismiss Plaintiff's Third Amended Complaint;

2.    That Plaintiff take nothing by way of his Third Amended Complaint on file in this action, including, but not limited to: actual damages, defendants' profits, exemplary damages, costs (including attorney fees and litigation expenses), interest, and any equitable relief (including any injunctive relief or an order to deliver to Plaintiff all originals and any reproductions [i.e., copies or phonorecords] of the Albums);

12

3.    For Defendants' costs;

4.    For Defendants' attorney fees, as permitted by statute; and

5.    For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all claims which are triable to a jury in this action.

Dated:    April 28, 2011

_____/s/_____
S. MARTIN KELETI
COHEN AND COHEN
8340 Melrose Avenue
Los Angeles, California 90069-5420
Telephone:    (323) 655-4444
Facsimile:    (323) 655-3333
E-mail:  keleti@manifesto.com


STEVEN I. HILSENRATH (SH5604)
1803 Gravesend Neck Road
Brooklyn, New York 10010
Telephone:    (718) 615-4550
Facsimile:    (718) 615-4557
E-mail:  steven@hilsenrathlaw.com

Attorneys for defendants
CLEOPATRA RECORDS, INC. and
BHP MUSIC, LTD.

To:

CRAIG M. SPIERER, ESQ.
MCCUE SUSSMANE & ZAPFEL, P.C.
521 Fifth Avenue, 28th Floor
New York, New York 10175
Telephone:  (212) 931-5500
Facsimile:  (212) 931-5508
E-mail:    cspierer@mszpc.com

Attorneys for plaintiff YNGWIE MALMSTEEN



**EXHIBIT A**
14